IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODJAUN NEAL-WILLIAMS,

  Plaintiff,

v.

OFFICER DARAMY, *et al.*,

  Defendants.

Civil Action No.:  SAG-23-2166

**MEMORANDUM OPINION**

Plaintiff Rodjaun Neal-Williams, who is currently incarcerated at Patuxent Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Officer Beige Daramy, Officer Richard E. Ndoh, Sergeant Moyosore Ojo, Officer Richard Austin, and Officer Junior Powell.  ECF No. 1.  On July 16, 2024, the Court denied without prejudice Defendants' motion to dismiss which had been construed as a motion for summary judgment.  *See* ECF Nos. 18, 19.  On August 15, 2024, Defendants filed a Renewed Motion to Dismiss Complaint.  ECF No. 20.  Plaintiff was notified of his right to file a response in opposition to the Motion.  ECF No. 21.  To date, Plaintiff has not responded.  This matter is now ripe and ready for review.  For the reasons discussed below, Defendants' Motion will be granted.

    **I.**    **Complaint Allegations**

In the Memorandum issued July 16, 2024 (ECF No. 18), the Court outlined Plaintiff's allegations as follows:

> Plaintiff alleges that on April 6, 2023, while incarcerated at Montgomery County Correctional Facility ("MCCF"), his cell door was opened for lunch distribution. ECF No. 1 at 4. He states that he exited his cell to get his food and upon his return he could not enter because his cellmate was in an argument with another inmate. *Id.* Officer Austin called for assistance, stating there was a physical fight, which Plaintiff contends was false. *Id.* Plaintiff and his cellmate locked in but officers

ordered Plaintiff to pack his belongings and cuff up so they could escort him to segregation. *Id.* at 4-5. Upon arrival, Plaintiff immediately informed Officers Daramy, Powell, and Ndoh that he had not been able to eat lunch because of the incident and they told Plaintiff he would be brought a lunch tray. *Id.* at 5. Hours passed and none of the officers brought Plaintiff lunch. *Id.* Plaintiff informed Sgt. Ojo that he had not been provided lunch; he stated that he would look into the issue. *Id.* at 5, 6. Plaintiff continued to request lunch when Officers Daramy, Powell, and Ndoh conducted rounds every 15 to 30 minutes; the Officers repeatedly said it was coming or that they needed to call for it. *Id.* at 6. Sgt. Ojo and Officer Ndoh and Powell left at the end of their shift around 3:00 p.m. without addressing the problem. *Id.* Officer Daramy was working another shift but still failed to get Plaintiff lunch. *See id.*

When the new shift arrived, Plaintiff informed Sgt. Parker about the issue as well but she replied that "it was last shift's problem not hers." ECF No. 1 at 6. Plaintiff brought the issue to Officer Daramy again who asserted that Plaintiff was lying and had eaten lunch in his cell before being transferred to segregation. *Id.* at 6-7. Plaintiff states that this incident caused him distress and he was lightheaded from not eating. *Id.* at 7. Plaintiff requested to see a mental health professional but Sgt. Parker and Officer Daramy refused because they were conducting a window and wall check. *Id.* He also requested medical assistance because he was so hungry and dizzy. *Id.* During medication distribution, Plaintiff reported the issue to Nurse Gladys. *Id.* Feeling that nothing was being done, Plaintiff decided to attempt suicide in front of the nurse and was sent to Holy Cross Hospital. *Id.* at 7-8.

When Plaintiff gained consciousness at the hospital, he states that his body was paralyzed and he had tubes in his throat and penis. ECF No. 1 at 8. Later, he was discharged and returned to the jail and housed in the medical unit where he endured severe pain. *Id.* Plaintiff states that it took several weeks to heal and he suffers from flashbacks, PTSD, depression, and anxiety. *Id.* Plaintiff seeks monetary damages and an order requiring the dismissal of Officers Daramy, Powell, and Ndoh from their positions at MCCF. *Id.* at 5.

## II.   Standard of Review

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20.  To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c),

2

as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Plaintiff] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Plaintiff is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.   Analysis

Defendants seeks dismissal of the Complaint asserting that Plaintiff's alleged denial of a meal is insufficient to state an Eighth Amendment claim or alternatively are entitled to qualified immunity. ECF No. 20.

As a preliminary matter, the Complaint will be dismissed against Officer Austin. Liability under § 1983 only attaches by personal participation in a constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, at most, Plaintiff has alleged that Officer Austin mischaracterized the altercation between his cellmate and another inmate while calling for assistance. He otherwise does not allege any wrongdoing by Officer Austin, much less a constitutional violation. Accordingly, Officer Austin must be dismissed.

As to the remaining Defendants, the Court must assess whether Plaintiff has sufficiently stated Eighth Amendment claims against them. Defendants contend that Plaintiff has failed to

demonstrate either the objective or subjective elements of such a claim. ECF No. 20 at 5. Generally, conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

"Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires an allegation of "a serious or significant physical or emotional injury resulting from the challenged conditions, *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993), or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *De'Lonta*, 330 F.3d at 634 (citing *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993)); *see also Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 298–99. In other words, "the test is whether the guards know the plaintiff inmate faces a serious

4

danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N. Carolina Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).  Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly established pre-existing law.  *See Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

Even assuming that the Defendants had acted with malicious intent, Plaintiff has not alleged a sufficient deprivation to demonstrate the objective element of his claims.  In *Farmer v. Brennan*, 511, U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment imposed a duty on prison officials to provide inmates with "adequate food."  Here, Plaintiff complains of a single, isolated incident in which he was not provided one of three daily meals when he was moved to segregation.  The Fourth Circuit has long held, however, that even the consistent provision of two meals a day did not present a serious or significant physical or mental injury.  *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (allegation that inmate received only two meals a day on weekends and holidays but three meals a day on weekdays was insufficient to state an Eighth Amendment claim absent suggestion of deleterious physical or mental effects).  As such, Defendants' failure to provide Plaintiff with lunch in one instance, whether intentional or not, does not indicate a deprivation of basic nutritional needs.  Plaintiff does not complain of a serious injury; he states that he experienced hunger and lightheadedness.  While the Court is deeply troubled by Plaintiff's self-harm, it does not follow that it was caused by Defendants' failure to provide one meal but rather Plaintiff's feeling that nothing was being done in response to his complaints.  Because Plaintiff fails to allege a sufficiently serious injury, the Complaint must be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' Renewed Motion to Dismiss will be granted and the Complaint dismissed.

A separate Order follows.

<u>October 16, 2024</u>　　　　　　　　　　　　　<u>　　　　/s/　　　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　　　United States District Judge